IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 25-03-GF-BMM-JTJ |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| JOSEPH DEAN LEE, | |
| Defendant. | |

## I.      Synopsis

Defendant JOSEPH DEAN LEE (Lee) has been accused of violating the conditions of his supervised release. (Doc. 30).  Lee admitted some of the alleged violations. Lee's supervised release should be revoked.  Lee should be sentenced to Time Served on Count II and to Time Served Count III, with 28 months of supervised release to follow on Count II and 28 months of supervised release to follow on Count III, with both the custodial and supervised release terms to run concurrently. Lee should be released from custody on April 29, 2026, at 4:00 p.m. During the term of his supervised release, Lee shall be placed in a residential re-entry center on July 21, 2026, at the direction of his probation office for a period of up to 180 days. Between April 29, 2026, and Lee's placement in the residential re-

entry center, Lee shall be subject to home confinement. This sentence shall run concurrently with the sentence imposed in CR-15-63.

## II.     Status

Lee plead guilty on February 19, 2025 to the offense of Failure to Register as A Sex Offender, in violation of 18 U.S.C. § 2250 (a)(1) as charged in Count 1 of the Indictment. (Doc. 21)  Lee was sentenced to 12 months and 1 day of custody, followed by 5 years of supervised release. (Doc. 25)  Lee's current term of supervised release began on July 1, 2025.

### Petition

On April 7, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Lee's supervised release. (Doc. 30).  The Petition alleged Lee violated conditions of his supervised release by: (1) failing to maintain full time employment by walking off his job site on March 29, 2026, and being terminated from employment; (2) failing to reside at the sober living house where he was approved to live after being terminated from such placement on March 30, 2026, for failing to return to the residence on April 29, 2026; and (3) being terminated from sex offender treatment on March 31, 2026.

### Initial Appearance

Lee appeared before United States Magistrate Tim Cavan on April 13, 2026. Lee was represented by counsel.  Lee stated that he had read the Petition and that he

understood the allegations against him. Lee waived his right to a preliminary hearing. Judge Cavan scheduled a revocation hearing before this Court for April 29, 2026.

**Revocation Hearing**

Lee appeared before the Court on April 29, 2026. The parties consented to proceed with the revocation hearing before the undersigned. Lee admitted that he had violated the conditions of supervised release as set forth in allegations 1 and 2 in the Petition, with explanation. The Court heard testimony from United States Probation Officer John Ross regarding allegation 3. Following Mr. Ross's testimony, the Government moved to dismiss allegation 3, which the Court granted. Lee's violations are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Lee appeared before the Court on April 29, 2026. Lee's violations are Grade C. His criminal history category is II. Lee's underlying offense is a Class C felony. Lee could be incarcerated for up to 24 months. Lee could be ordered to remain on supervised release for up to 60 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Lee's supervised release should be revoked. Lee should be sentenced to Time Served on Count II and to Time Served

on Count III, with 28 months of supervised release to follow on Count II and 28 months of supervised release to follow on Count III, with both the custodial and supervised release terms to run concurrently. Lee should be released from custody on April 29, 2026, at 4:00 p.m.  During the term of his supervised release, Lee shall be placed in a residential re-entry center on July 21, 2026, at the direction of his probation office for a period of up to 180 days. Between April 29, 2026, and Lee's placement in the residential re-entry center, Lee shall be subject to home confinement. This sentence shall run concurrently with CR-15-63.

## IV.    Conclusion

The Court informed Lee that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Lee of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Lee that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Lee waived his right to appeal and to allocute before Judge Morris.

The Court **FINDS**:

That JOSEPH DEAN LEE has violated the conditions of his supervised release by: (1) failing to maintain full time employment by walking off his job site on March 29, 2026, and being terminated from employment; and (2) failing to reside at the sober living house where he was approved to live after being terminated from such placement on March 30, 2026, for failing to return to the residence on April 29, 2026.

The Court **RECOMMENDS**:

That the District Court revoke Lee's supervised release and sentence Lee to Time Served on Count II and to Time Served on Count III, with 28 months of supervised release to follow on Count II and 28 months of supervised release to follow on Count III, with both the custodial and supervised release terms to run concurrently. Lee should be released from custody on April 29, 2026, at 4:00 p.m.  During the term of his supervised release, Lee shall be placed in a residential re-entry center on July 21, 2026, at the direction of his probation office for a period of up to 180 days. Between April 29, 2026, and Lee's placement in the residential re-entry center, Lee shall be subject to home confinement. This sentence shall run concurrently with CR-15-63.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 29th day of April 2026.


John Johnston
United States Magistrate Judge