IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH DEAN LEE,<br><br>Defendant. | CR 25-03-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant JOSEPH DEAN LEE (Lee) has been accused of violating the conditions of his supervised release. (Docs. 41 and 43). Lee admitted some of the alleged violations. Lee's supervised release should be revoked. Lee should be sentenced to custody for 6 months with no term of supervised release to follow. This sentence shall run concurrently with the sentence imposed in Cause No. CR-15-63.

## II. Status

Lee plead guilty on February 19, 2025 to the offense of Failure to Register as A Sex Offender, in violation of 18 U.S.C. § 2250 (a)(1) as charged in Count 1 of the Indictment. (Doc. 21). Lee was sentenced to 12 months and 1 day of custody,

followed by 5 years of supervised release. (Doc. 25) Lee's current term of supervised release began on April 29, 2026.

**Petition**

On September 2, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Lee's supervised release. (Doc. 41). The Petition alleged Lee violated conditions of his supervised release by: (1) failing to participate in substance abuse testing on June 26, 2026; (2) using methamphetamine on August 29, 2026; and (3) being terminated from his residential reentry placement on August 31, 2026.

**Amended Petition**

On September 18, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Lee's supervised release. (Doc. 43). The Amended Petition alleged Lee additionally violated conditions of his supervised release by: (4) committing another federal, state or local crime by being charged on September 2, 2026, with the felony offense of Criminal Possession of Dangerous Drugs, in violation of Mont. Code Ann. § 45-9-102.

**Initial Appearance**

Lee appeared before the Court on September 22, 2026. Lee was represented by counsel. Lee stated that he had read the Amended Petition and that he understood the allegations against him. Lee waived his right to a preliminary hearing.

**Revocation Hearing**

Lee appeared before the Court on September 22, 2026. The parties consented to proceed with the revocation hearing before the undersigned. Lee admitted that he had violated the conditions of supervised release as set forth in allegation 2 in the Amended Petition. Regarding allegation 3, the Government introduced Exhibit 1, a letter indicating Lee had been removed from the residential reentry center on August 31, 2026, for introducing methamphetamine into the facility. Based upon the letter, the Court determined the Government had met its burden regarding allegation 3. The Government moved to dismiss allegations 1 and 4, which the Court granted. Lee's admitted violations, 2-3, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Lee appeared before the Court on September 22, 2026. Lee's violations are Grade C. His criminal history category is II. Lee's underlying offense is a Class C felony. Lee could be incarcerated for up to 24 months. Lee could be ordered to remain on supervised release for up to 24 months on each count, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Lee's supervised release should be revoked. Lee should be sentenced to custody for 6 months with no term of supervised release to follow. This sentence shall run concurrently with the sentence imposed in Cause No. CR-15-63. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Lee that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Lee of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Lee that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Lee waived his right to appeal and to allocute before Judge Morris.

The Court **FINDS**:

That JOSEPH DEAN LEE has violated the conditions of his supervised release by: (2) using methamphetamine on August 29, 2026; and (3) being terminated from his residential reentry placement on August 31, 2026.

The Court **RECOMMENDS**:

That the District Court revoke Lee's supervised release and sentence Lee to custody for 6 months with no term of supervised release to

follow. This sentence shall run concurrently with the sentence imposed in Cause No. CR-15-63.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 23rd day of September 2026.

John Johnston
United States Magistrate Judge